# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:02CR164 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| YAMIL RIVERA-KADER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the government's appeal (Filing No. 461) of the Magistrate Judge's Order Setting Conditions of Release (Filing No. 459).

## FACTUAL BACKGROUND

The Defendant, Yamil Rivera-Kader, was initially charged in an Indictment filed on May 22, 2002. (Filing No. 1.) Rivera was then charged in a multi-count Superseding Indictment filed on June 19, 2002, with: conspiracy to distribute and possess with intent to distribute methamphetamine (Count I); distribution of methamphetamine (Count II); possession of a firearm during a drug-trafficking crime (Count X); and criminal forfeiture (Counts XIII and XVII).[1] Also on June 19, 2002, a warrant was issued for Rivera's arrest. (Filing No. 426.) On June 23, 2005, Rivera was arrested in Arizona. The Arizona U.S. Magistrate Judge held a detention hearing and ordered him detained and committed to this district. (Filing Nos. 426, 431.) Rivera appeared initially in this district on August 17, 2005, and he was remanded to the custody of the U.S. Marshal. (Filing No. 428.) On November 23, 2005, defense counsel filed a motion to modify conditions of release, requesting that

---

[1] Counts XIII and XVII of the Superseding Indictment were later dismissed on the government's motions. (Filing Nos. 112, 138.)

Rivera be released to the custody of a third party. (Filing No. 451.) At the initial hearing held with respect to the motion, defense counsel stated that a different individual was proposed as a third party custodian, and pretrial services was asked to investigate this individual, Benjamin Madrid. Therefore, the hearing was continued. (Tr. 467.)

At the subsequent hearing, evidence was presented. (Tr. 468.) The Defendant, Yamil Rivera-Kader, testified that he is twenty-six years old, was born in California yet raised in Mexico until he was fifteen years old, is an American citizen, and has not been convicted of a felony. He stated that he was in school for about twelve years and completed middle school. (Tr. 6, 14.) He testified that, prior to his arrest, he lived in Omaha for about five years and has relatives in Omaha other than Benjamin Madrid, the proposed third party custodian.[2] (Tr. 7-8.) He also has family in Mexico. (Tr. 16.) Rivera's is separated from his wife, Nancy Kader,[3] and he stated that she and their child were in Mexico when he left in 2001. (Tr. 15-16.) Although unemployed due to his incarceration, Rivera testified that he does construction work, and during the winter he thinks he can secure factory or meat-packing employment. (Tr. 8.) He understands that he would have to pay for electronic monitoring, and he is willing to pay for a telephone at Madrid's home as well as a substance abuse evaluation. (Tr. 9, 11.) Rivera revealed that his defense at trial will be to prove that he does not own the gun that is the subject of Count X.[4] (Tr. 10.)

---

[2]Although Rivera calls Madrid his "uncle," Madrid is a cousin of Rivera's mother. (Tr. 7, 20.)

[3]Nancy Kader is a codefendant who pleaded guilty to Count I. On January 7, 2003, she was sentenced to 70 months and 5 years supervised release.

[4]This argument is unpersuasive, because the charge is unrelated to ownership.

Rivera last went to Mexico in 2001, and in June of 2005, he was arrested in Arizona on his way to Omaha from Mexico. (Tr. 11.) His defense on the drug charges will rest in part on the argument that he was in Mexico, rather than Omaha, during at least part of the time-frame during which the conspiracy allegedly occurred. (Tr. 12.) He testified that he did not have telephone contact with his codefendants while he was in Mexico. (Tr. 18.) Rivera testified that he would not leave Nebraska and would attend all future court appearances. (Tr. 13.)

Benjamin Madrid testified that he has lived at the same address in Omaha, Nebraska, for the four years he has resided in Omaha. (Tr. 20.) He has primarily in the been in the United States since 1978, though during that time he has returned to Mexico for periods of up to two years. (Tr. 23-24.) He has known Rivera for more than fifteen years, though he never met Rivera's wife or child. (Tr. 19, 25-26.) Madrid stated that he receives worker's compensation due to an on-the-job spinal injury. (Tr. 21.) He hopes to return to work when he recovers from his spinal surgery. (Tr. 21.) He is willing to have Rivera live with him and to have a telephone installed at his home. (Tr. 21-22.) Madrid testified that he has no criminal history, and he said that he would notify pretrial services if Rivera violated any conditions of his release. (Tr. 23.) Madrid lives with his significant other, who is in this country illegally. (Tr. 26-27.) The two rent a two-bedroom apartment. (Tr. 28.)

Additionally, Judge Thalken took judicial notice of documentary evidence. (Tr. 29.)

3

**DISCUSSION**

*The Bail Reform Act*

The danger prong of the Bail Reform Act of 1984, 18 U.S.C. §§3141-3156, is implicated when a strong probability exists that a person will commit additional crimes if released and there are no conditions of release or combination of conditions that will reasonably assure that future crimes will not be committed and, accordingly, the safety of the community is at risk. 18 U.S.C. § 3142(e). The rebuttable presumption is present when the prosecution involves a drug crime in which the maximum sentence is ten years or more. 18 U.S.C. § 3142(e) & (f)(1)(C). In addition to the factors set out in 18 U.S.C. § 3142(g), other factors that may be considered by a court when determining such probability include whether a personal characteristic, such as lack of employment, gives the defendant a reason to resume drug dealing activities.

The Court must also consider whether the Defendant is a flight risk and whether conditions of release or combination of conditions exist that will reasonably assure the Defendant's presence at future court proceedings. *See United States v. Orta,* 760 F.2d 887, 891 (8th Cir. 1985).

*Application to Rivera's Case*

The plan approved by Judge Thalken requires Rivera to live with his mother's cousin as a third-party custodian and remain on electronic monitoring. Nevertheless, despite the good intentions of Madrid, Rivera is a flight risk and presents a danger to the community. If convicted, Rivera faces, among other penalties, a mandatory minimum of ten years imprisonment on Count I and at least a five-year consecutive term of imprisonment on

Count X. He has strong ties to Mexico. If released from jail, even if he finds employment as a construction or factory worker he is obligated to pay $500 monthly on a $20,000 vehicle loan and would have to pay for electronic monitoring. He has a history of substance abuse, and he used illegal substances after completing out-patient treatment. His record includes a charge involving the possession of a controlled substance, though the disposition is unknown.

Pursuant to NELR 72.5(a)(3) this Court has conducted a de novo review of this matter. The Court concludes that the rebuttable presumptions in 18 U.S.C. §3142(e) have not been rebutted by the Defendant in this case. Based on the record, this Court respectfully reverses the Magistrate Judge's Order Setting Conditions of Release, and further finds that the government proved by a preponderance of the evidence that the Defendant is a flight risk and presents a danger to others, that no conditions of release or combination of conditions will reasonably assure his presence at future court proceedings, and that there are no conditions of release that would assure the safety of the community.

IT IS ORDERED:

1. The government's appeal (Filing No. 461) of the Magistrate Judge's Order Setting Conditions of Release is granted; and
2. The Defendant shall be detained pending trial, pursuant to the directives listed in Judge Thalken's original detention order (Filing No. 11).

DATED this 10th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge